UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re SUSAN A. GIBLIN,<br><br>              Debtor.  | USDC No. 12-cv-1728RSL<br><br>Bankruptcy Case No. 12-15792-TWD<br><br>Bankruptcy Internal Appeal No. 12-S038<br><br>ORDER GRANTING APPELLEES'<br>MOTION TO DISMISS APPEAL |

## I. INTRODUCTION

This matter comes before the Court on a "Motion to Dismiss Appeal" (Dkt. # 5) filed by Ida Jean Rogers and Steven Giblin ("Appellees"), as co-trustees for the James R. Giblin and Carole A. Giblin Revocable Living Trust, Under Agreement Dated February 17, 1997 and Amended March 31, 2009 (the "Trust"). Appellees seek dismissal of Creditor-Appellant Daniel R. Laurence's ("Appellant") appeal of the bankruptcy court's order granting Appellees' motion to relief from stay and for set-off. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

## II. BACKGROUND

This bankruptcy appeal arises out of a state court action concerning the administration of the Trust. The Giblins' children, Susan A. Giblin ("Debtor") and Steven Giblin, were the original beneficiaries and co-trustees of the Trust. After Carol Giblin's death, James Giblin married Ida Jean Rogers and amended the Trust to add her as a beneficiary and co-trustee. James Giblin

ORDER GRANTING MOTION
TO DISMISS APPEAL

passed away in January 2010, and disputes arose among the co-trustees regarding the administration of the Trust.

In April 2010, Ms. Rogers filed a complaint against Debtor and Steven Giblin in Skagit County Superior Court under the Trust and Estate Dispute Resolution Act ("TEDRA"). Appellant began representing Debtor in that action in December 2010. A bench trial was held in January 2012, and the state court determined that Debtor owed money to the Trust. Debtor was ordered to pay Ms. Rogers' attorney's fees. The state court denied Appellant's motion for his attorney's fees and later struck the attorney's lien he filed in the case.

On May 31, 2012, Debtor filed a Chapter 7 bankruptcy petition and named her co-beneficiaries, their attorneys, and Appellant as creditors. Following the meeting of the creditors, the trustee issued a no asset report. A few weeks later, Ms. Rogers and Steven Giblin, as co-trustees of the Trust, sought relief from the automatic stay to exercise their right of set-off against Debtor's share of the Trust pursuant to the state court's order. The bankruptcy court granted the motion and the order became effective on September 12, 2012. Dkt. # 1-2; Fed. R. Bankr. P. 4001(a)(3).

On September 6, 2012, the bankruptcy court entered a discharge of Debtor. Appellant filed a notice of appeal to the Ninth Circuit Bankruptcy Appellate Panel ("BAP") the following day. Appellant also filed a motion to stay the bankruptcy court's order in the bankruptcy court. The bankruptcy court denied Appellant's motion on September 11, 2012. Appellant did not file a motion to stay in the district court or BAP.

On September 12, 2012, the state court entered an Order approving final distribution of the Trust assets, dissolving the Trust and dismissing the TEDRA action. The Trust assets were distributed and the Trust was dissolved.

## III. DISCUSSION

Appellees argue that Appellant's appeal is constitutionally and equitably moot. Dkt. # 5 at

ORDER GRANTING MOTION
TO DISMISS APPEAL                    -2-

4-6. This court's jurisdiction is limited to actual cases and controversies and thus lacks jurisdiction to hear a case that is moot. U.S. Const. art. III, § 2, cl. 2; see also Cook Inlet Treaty Tribes v. Shalata, 166 F.3d 986, 989 (9th Cir. 1999). "The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." In re Thorpe Insulation Co., 677 F.3d 869, 880 (9th Cir. 2012).

Appellant seeks reversal of the bankruptcy court's order granting relief from the automatic stay and for set-off. Dkt. # 1-1. He contends that if his appeal succeeds on the merits, the bankruptcy court has the authority to recall the assets of the Trust that have been distributed and "order those assets re-distributed according to bankruptcy law." Dkt. # 6 at 4. In making this argument, Appellant fails to account for the fact that the Trust assets were distributed and the Trust dissolved pursuant to a state court order, not pursuant to an order of the bankruptcy court. Dkt. # 5-1. A decision by this Court that the bankruptcy court erred in lifting the stay would not retract the state court's final order or recall the Trust assets. Once a state court enters a permissible order in the absence of a stay, this Court must respect that decision. In re Timco, LLC, 2013 WL 150105, at *2 (6th Cir. Jan. 15. 2013). Thus, even if this Court were to find that the bankruptcy court erred in lifting the stay, it is impossible for this Court to fashion any effective relief.

Appellant relies on In re Spirtos, 992 F.2d 1004 (9th Cir. 1993) to support his argument that this appeal is not moot. In that case, the bankruptcy court determined that the Chapter 7 debtor's interests in two pension plans were exempt. 992 F.2d at 1006. A creditor appealed. While the appeal was pending, the debtor, who was also the administrator and major beneficiary of the plans, stripped the plans of their assets. Id. at 1005-06. The BAP reversed the bankruptcy court's decision finding the plans exempt and the debtor appealed. Id. at 1006. Even though the plans were stripped of their assets, the Ninth Circuit determined that the appeal was not moot

ORDER GRANTING MOTION
TO DISMISS APPEAL               -3-

because it could order the debtor, who was a party to the appeal, to return the money to the estate. Id. at 1007.

Unlike the circumstances presented here, that case did not involve the rights of third parties not before the court. See In re Baker and Drake, Inc., 35 F.3d 1348, 1351 (9th Cir. 1994) (distinguishing In re Spirtos based on absence of third parties). In addition, the remedy available in In re Spirtos was straightforward. The debtor was the only recipient of the funds at issue and there was no state court order obstructing the court's ability to order debtor to return the assets to the plans. In contrast, the beneficiaries of the Trust are not parties to this appeal. Furthermore, this Court cannot reinstate the state court TEDRA action or undo the state court's order dissolving the Trust. On this record, the Court concludes that it cannot fashion effective relief and therefore, finds that the appeal is moot.

**B. Equitable Mootness**

The Court also finds that this appeal should be dismissed under the doctrine of equitable mootness. "Equitable mootness occurs when a comprehensive change of circumstances has occurred so as to render it inequitable for this court to consider the merits of the appeal." In re Thorpe, 677 F.3d at 880 (internal quotations omitted). To determine whether an appeal is equitably moot, this Court considers whether a stay was sought. Id. at 881. If a stay was sought, but not obtained, the Court considers (1) "whether substantial consumption of the plan has occurred," (2) "the effect a remedy may have on third parties not before the court," and (3) "whether the bankruptcy court can fashion effective and equitable relief without completely knocking the props out from under the plan." Id.

Considering these factors, the Court finds that the appeal is equitably moot. First, although Appellant sought a stay in the bankruptcy court, he did not seek a stay from the district court or the BAP pending appeal. While a failure to obtain a stay does not necessarily render an appeal moot, id., failure to pursue with diligence all available opportunities to obtain a stay may

ORDER GRANTING MOTION
TO DISMISS APPEAL                     -4-

result in the end of an appeal, <u>In re Roberts Farms, Inc.</u>, 652 F.2d 793, 798 (9th Cir. 1981). Second, the distribution of Trust assets is complete and the Trust has been dissolved. With respect to the third factor, the Court finds that the remedy Appellant seeks would unduly harm innocent third parties who relied on the finality of the state court's findings and decisions in the TEDRA case. Finally, as explained above, it is impossible for this Court to fashion an effective remedy for the alleged injuries because it cannot undo the actions taken pursuant to a permissible state court order. Therefore, the Court finds that a comprehensive change in circumstances has occurred that renders it inequitable for the Court to consider the merits of the appeal.

## IV. CONCLUSION

For all of the foregoing reasons, the Court GRANTS Appellees' motion to dismiss (Dkt. # 5) and dismisses the appeal (Dkt. # 4) as moot.[1] The Clerk of the Court is directed to close this case and send copies of this Order to all counsel of record and to the bankruptcy court.

Dated this 28th day of May, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Based on the Court's finding that this appeal is moot, the Court DENIES Appellant's "Motion to Continue Deadline for Filing Appellate Brief" (Dkt. # 10) as moot.

ORDER GRANTING MOTION
TO DISMISS APPEAL                    -5-

Case 2:12-cv-01728-RSL   Document 16   Filed 05/28/13   Page 6 of 6

ORDER GRANTING MOTION
TO DISMISS APPEAL                             -6-